*139 JUSTICE LEAPHART
dissenting.
¶41 I dissent on the question of whether the District Court erred in denying Richeson’s challenge for cause to juror Arndt.
¶42 During voir dire examination, prospective juror Arndt was asked: “If you were sitting in Mr. Richeson’s place and you were sitting on the jury knowing what you know about Mr. Richeson, would you want yourself on the jury?” Her unequivocal answer was “No.” We have held that “should there be any doubt in the event of a challenge for cause, the trial court should resolve the doubt in favor of allowing the challenge.” State v. Radi (1978), 176 Mont. 451, 460, 578 P.2d 1169, 1175.
¶43 Arndt’s negative answer, particularly given that she was employed as a detention officer at the facility where Richeson was jailed, is more than sufficient to raise a doubt as to whether she had a state of mind in reference to Richeson that would prevent her from acting with entire impartiality and without prejudice to his substantial rights. Section 46-16-115(2)(j), MCA. The District Court should clearly have resolved that doubt in favor of allowing the challenge and excused Arndt for cause.